**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| LINDA ABDALLAH<br>3505 Welsh Road, Apt 6<br>Philadelphia, PA 19136<br><br>    Plaintiff,<br><br>  v.<br><br>MACY'S, INC. d/b/a BLOOMINGDALE'S<br>1000 Third Avenue<br>New York, NY 10022<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No.: _____<br>:<br>:<br>:  **JURY TRIAL DEMANDED**<br>:<br>: |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Linda Abdallah ("Plaintiff"), by and through her undersigned attorneys, for her Complaint against Defendant Macy's, Inc. d/b/a Bloomingdale's ("Defendant") alleges as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint contending Defendant violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, by subjecting her to harassment, discriminating against her, and ultimately terminating her employment on the basis of her race and her religion, and in retaliation for her good faith complaints of racial and religious discrimination in violation of Title VII and the PHRA. As a result, Plaintiff has suffered damages as set forth herein.

2. Plaintiff further contends that Defendant failed to pay compensation and overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

1

§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

## PARTIES

3. Plaintiff, Linda Abdallah, is a citizen of the United States and Pennsylvania, and currently maintains a residence at 3505 Welsh Road, Apt 6, Philadelphia, PA 19136.

4. Defendant Macy's, Inc. d/b/a Bloomingdale's is, upon information and belief, a for-profit corporation conducting business within the Commonwealth of Pennsylvania with a headquarters located at 1000 Third Avenue New York, NY 10022.

5. Defendant is a "private employer" and covered by the FLSA.

6. Upon information and belief, Defendant is a covered employed under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sale or business done of at least $500,000.00, and has multiple employees (including, but not limited to Plaintiff) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

7. Plaintiff was an employee who engaged in commerce and was employed by Defendant during all times relevant hereto and, as such, was an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

8. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

9. The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth herein.

10. On or about January 15, 2020, Plaintiff filed a Charge of Discrimination with the

United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2020-02027. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of her unlawful termination.

11. By correspondence dated October 14, 2020, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days from receipt to file suit against Defendant.

12. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

13. This action is for violations by Defendants of Plaintiff's rights protected by, *inter alia*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

14. This Court has original jurisdiction over Plaintiff's Title VII claims, pursuant to 28 U.S.C. §§ 1331 and 1343, as these are civil rights actions arising under the law of the United States.

15. This Court also has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

16. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative facts as her federal claims.

17. The venue in this district is proper under 28 U.S.C. § 1391(b), as Plaintiff resides

in this judicial district, Defendant does business herein, and the events giving rise to this action occurred in this judicial district.

### Facts Related to Plaintiff's Title VII and PHRA Claims

18. The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth herein.

19. Plaintiff's religion is Islam, and she is of mixed descent, including Middle Eastern.

20. On or about December 2017, Plaintiff began her employment with Defendant as a Registry Supervisor at Defendant's Willow Grove, Pennsylvania location.

21. During her employment with Defendant, at all times relevant hereto, Plaintiff performed her job well, received positive reviews concerning her performance and no justifiable discipline.

22. However, throughout the course of her employment with Defendant, Plaintiff was subjected to continuing racial and religious discrimination and harassment by Defendant.

23. By way of example, Plaintiff's supervisor, Store Manager Tiffany Mullick ("Ms. Mullick") stated, among other things, "I didn't know we hired someone like you." Additionally, Ms. Mullick remarked, "Do you have to wear that thing on your head?" in reference to Plaintiff's headscarf.  In response, Plaintiff explained that her headscarf is worn as part of her Muslim religious observances.  Ms. Mullick then stated, "You should wear it in louder colors or patterns as an accessory."

24. On subsequent occasions, Ms. Mullick stated, among other things, "You should wear it as a turban with earrings so you don't scare the customers."

25. In or about July 2019, Plaintiff contacted Defendant's Human Resources

Department and made a complaint regarding the disparaging remarks and disparate treatment she was subjected to based on her race and religion.

26. Shortly thereafter, on or about August 1, 2019, Plaintiff was abruptly suspended pending an investigation of an alleged policy violation related to her receipt and disbursement of personal gifts from vendors.

27. Plaintiff was kept in a closed room by Thomas Donnelly ("Mr. Donnelly") of Asset Protection and forced to write a statement under duress for fear of losing her job that she had violated policies. Plaintiff was forced to write this statement, even though no policies existed prohibiting her actions, she had cleared the removal of the items from the store with Asset Protection in May 2019, and Ms. Mullick having specifically told Plaintiff regarding the items that "It's your property now, you can do whatever you want with it."

28. Nonetheless, the next day, on or about August 2, 2019, Defendant terminated Plaintiff's employment.

29. Plaintiff believes and therefore avers that Defendant's stated reasons for Plaintiff's termination were pretextual and Defendant actually terminated Plaintiff on the basis of her race and religion and in retaliation for her good-faith reports of racial and religious discrimination in connection thereto.

30. At the time of her unlawful termination, Plaintiff was qualified for her position.

31. Upon information and belief, at the time of her unlawful termination, Defendant had a continuing need for the job duties and responsibilities previously performed by Plaintiff.

32. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages.

**Facts Related to Plaintiff's FLSA and PMWA Claims**

33. The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth herein.

34. During the course of her employment, Defendant mandated that Plaintiff work at and prepare for "events" every month outside of her regular assigned shift.

35. As a part of each event, Defendant expected that Plaintiff make preparations prior to the event, including but not limited to, contacting and obtaining vendors such as florists and bridal salons and finding guests to register for the event.

36. Defendant made clear that it expected such work to be done "off-clock."

37. Plaintiff spent approximately four (4) hours per week during her tenure performing such preparatory "off-clock" work.

38. Said work was not recorded or tracked by Defendant.

39. When Plaintiff asked to be paid for the preparatory "off-clock" work, Defendant told her, "That's your job."

40. In violation of the provisions of the FLSA, Defendant failed to pay Plaintiff for work performed in preparation for events. This policy and practice of Defendant is further proof and evidence of Defendant's willful and unlawful practice of not paying Plaintiff for all hours worked and of Defendant's failure to follow the provisions of the FLSA.

41. The payroll checks and stubs Plaintiff received from Defendant did not accurately state the actual hours of work she performed each pay period and did not state and/or reveal the work she performed preparing for events.

42. In violation of the provisions of the FLSA, Defendant failed to pay Plaintiff for all work performed and time spent performing compensable work preparing for events.

43. Plaintiff regularly worked approximately forty-five (45) hours per week and did not receive overtime compensation for the four (4) hours during which Plaintiff performed work in preparation for events.

44. Upon information and belief, Defendant did not post and/or failed to post employee rights protected under the FLSA in a conspicuous space for employees to readily read it.

45. The above-referenced behavior evidences the willfulness of Defendant's violation of the FLSA and PMWA.

46. In violation of the FLSA and PMWA, Defendant unlawfully failed to track, record, and report all the hours worked by Plaintiff.

47. At all times relevant hereto, Plaintiff was a "non-exempt" employee under the FLSA/PMWA, and entitled to receive overtime compensation at a rate of 1.5 times her regular rate of pay for all hours worked over forty (40) in a work week.

48. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. § 2000e, *ET SEQ.*
## RELIGIOUS DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION

49. The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth herein.

50. Upon information and belief, Defendant employed over fifteen (15) employees at all times relevant hereto.

51. Plaintiff is a Muslim and, as such, is a member of a protected class.

52. Defendant was aware of Plaintiff's religion.

53. As set forth above, Defendant engaged in discriminatory behavior toward Plaintiff on the basis of, *inter alia*, her religion.

54. Defendant subjected Plaintiff to or otherwise permitted the existence of a hostile work environment because of her religion.

55. Ultimately, Defendant took tangible employment action against Plaintiff in the form of termination from employment because of Plaintiff's religion, in violation of Title VII, and in retaliation for Plaintiff's complaints of religious discrimination and hostile work environment.

56. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

57. Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, damage to reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial, but no less than One Hundred and Fifty Thousand Dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

  C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

  D. Pre-judgment interest in an appropriate amount; and

  E. Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## THE PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *ET SEQ.*
## RELIGIOUS DISCRIMINATION, HOSTILE WORK ENVIRONMENT AND RETALIATION

58. The preceding paragraphs are hereby incorporated by reference, as though the same were more fully set forth at length herein.

59. At the time of her termination, Plaintiff was Muslim and, as such, was a member of a class protected under the PHRA from unlawful discrimination because religion.

60. Defendant engaged in discriminatory behavior toward Plaintiff on the basis of, *inter alia*, her religion.

61. Additionally, Defendant subjected Plaintiff to or otherwise permitted the existence of a hostile work environment because of her religion.

62. Ultimately, Defendant took tangible employment action against Plaintiff in the form of termination from employment because of Plaintiff's religion and in retaliation for Plaintiff's good faith complaints of religious discrimination and hostile work environment, in violation of the PHRA.

63. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

64. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e, *ET SEQ.***
**RACIAL DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION**

65. The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth herein.

66. Upon information and belief, Defendant employed over fifteen (15) employees at all times relevant hereto.

67. Plaintiff is racially Middle Eastern and, as such, is a member of a protected class.

68. Defendant was aware of Plaintiff's race.

69. As set forth above, Defendant engaged in discriminatory behavior toward Plaintiff on the basis of, *inter alia*, her race.

70. Defendant subjected Plaintiff to or otherwise permitted the existence of a hostile work environment because of her race.

71. Ultimately, Defendant took tangible employment action against Plaintiff in the form of termination from employment because of Plaintiff's race, in violation of Title VII, and in retaliation for Plaintiff's complaints of racial discrimination and hostile work environment.

72. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

73. Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, damage to reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial, but no less than One Hundred and Fifty Thousand Dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be

determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

  C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

  D. Pre-judgment interest in an appropriate amount; and

  E. Such other and further relief as is just and equitable under the circumstances.

## COUNT IV
## THE PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *ET SEQ.*
## RACIAL DISCRIMINATION, HOSTILE WORK ENVIRONMENT AND RETALIATION

  74. The preceding paragraphs are hereby incorporated by reference, as though the same were more fully set forth at length herein.

  75. At the time of her termination, Plaintiff was racially Middle Eastern and, as such, was a member of a class protected under the PHRA from unlawful discrimination because race.

  76. Defendant engaged in discriminatory behavior toward Plaintiff on the basis of, *inter alia*, her race.

  77. Additionally, Defendant subjected Plaintiff to or otherwise permitted the existence of a hostile work environment because of her race.

  78. Ultimately, Defendant took tangible employment action against Plaintiff in the form of termination from employment because of Plaintiff's race and in retaliation for Plaintiff's good faith complaints of racial discrimination and hostile work environment, in violation of the PHRA.

79. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

80. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT V**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

81. The preceding paragraphs are hereby incorporated by reference, as though the same were more fully set forth at length herein.

82. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

83. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

84. According to the policies and practices of Defendant, Plaintiff was required to work in excess of forty (40) hours per workweek. Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per workweek in violation of the FLSA.

85. Defendant failed to pay Plaintiff for all hours worked, including for work performed in preparation for monthly and semi-monthly events.

86. Defendant failed to accurately track and maintain records of all hours worked by Plaintiff.

87. As a result, Defendant failed to pay Plaintiff overtime compensation for all hours worked over (40) in a workweek at 1.5 times her regular rate of pay.

88. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

89. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

90. Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

B. Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and overtime compensation to Plaintiff for work performed in excess of forty (40) hours per week;

C. Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

D. Awarding Plaintiff liquidated damages in accordance with the FLSA;

E. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F. Awarding pre- and post-judgment interest and court costs as further allowed by law; and

G. For all additional general and equitable relief to which Plaintiff may be entitled.

## COUNT VI
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

91. The preceding paragraphs are hereby incorporated by reference, as though the same were more fully set forth at length herein.

92. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

93. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

94. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to pay overtime compensation and for failing to properly pay Plaintiff for all hours worked.

95. As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which she is entitled, including interest thereon, and penalties subject to proof; and

B. An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

        Respectfully submitted,

        **MURPHY LAW GROUP, LLC**

        By: */s/ Michael Murphy*
        Michael Murphy, Esquire
        Morgan J. Zucker, Esquire
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        murphy@phillyemploymentlawyer.com
        mzucker@phillyemploymentlawyer.com
        *Attorneys for Plaintiff*

Date: January 12, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.